HtIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARLOS F. HATCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01479 |
| ) | Judge Campbell / Knowles |
| CEVA LOGISTICS and ELWOOD ) | |
| STAFFING, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket No. 15. Along with their Motion, Defendants have contemporaneously filed an EEOC Charge of Discrimination Plaintiff filed against Elwood Staffing (Docket No. 15-1), an EEOC Charge of Discrimination Plaintiff filed against CEVA Logistics (Docket No. 15-2), the corresponding EEOC Notice of Dismissal and Right to Sue for Elwood Staffing (Docket No. 15-3), and the corresponding EEOC Notice of Dismissal and Right to Sue for CEVA Logistics (Docket No. 15-4), as well as a supporting Memorandum of Law (Docket No. 16). As grounds for their Motion, Defendants argue that this action should be dismissed because Plaintiff failed to file his Complaint within 90 days of the date he is legally presumed to have received his Notice of Dismissal and Right to Sue letters. Docket Nos. 15, 16. Specifically, Defendants contend that Plaintiff filed his Charges of Discrimination against both Defendants with the Tennessee Human Rights Commission ("THRC") and EEOC dually on

December 6, 2012, was issued Notices of Dismissal and Right to Sue letters for those Charges on October 25, 2013, and filed his Complaint in this action on December 9, 2015, some 775 days after his Notice of Dismissal and Right to Sue letters were issued. *Id.* Defendants assert, therefore, that this action must be dismissed on statute of limitations grounds. *Id.*

Plaintiff has filed a Response to the instant Motion along with 19 Exhibits labeled as "supporting documentation." Docket No. 20 and accompanying Exhibits 1-19

Plaintiff, pro se, filed this action pursuant to 42 U.S.C. § 2000e-5, Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that Defendants discriminated against him on the basis of his race, color, sex, religion, and national origin when they terminated his employment, retaliated against him, and agreed to, and then rescinded a request for reasonable accommodation of no lifting over 30 pounds, after Plaintiff presented a doctor's Certification for a lifting restriction. Docket No. 1. Specifically, Plaintiff avers that the circumstances under which Defendants allegedly discriminated against him were as follows:

> Ceva Logistics agreed to reasonable accommodation request, after Plaintiff presented them with doctors [*sic*] certification and lifting restriction, but later (15 min) rescinded accommodation, which led to Plaintiff aggravating injury. Elwood Staffing then terminated Plaintiff for attendence [*sic*] violation which was pretext for requesting of accommodation by Plaintiff. Plaintiff testified against Elwood Staffing in a previous EEOC Discrimination suit.

*Id.*

Plaintiff seeks $20,000 in compensatory damages, $55,000 in punitive damages, and $10,000 in back pay. *Id.*

Plaintiff avers in his Complaint that he filed Charges of Discrimination with the THRC and EEOC on December 6, 2012, and that he received his Notice of Dismissal and Right to Sue

letter on September 21, 2015. *Id.*, ¶¶ 6,7. Attached to his Complaint, Plaintiff submitted the referenced Dismissal and Notice of Right to Sue letter dated September 21, 2015. Docket No. 1-1. That Notice stated in relevant part:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

*Id.* (Capitalization and emphasis original).

Plaintiff filed the instant action on December 9, 2015. Docket No. 1.

Taking the factual allegations of Plaintiff's Complaint as true, as the Court must do in a Motion to Dismiss (*see, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), Plaintiff filed Charges of Discrimination with the THRC and EEOC on December 6, 2012, and received his Notice of Dismissal and Right to Sue letter on September 21, 2015. Docket No. 1, ¶¶ 6,7. Receiving his Notice of Dismissal and Right to Sue letter on September 21, 2015, Plaintiff's filing of the instant action on December 9, 2015 was timely.

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 15) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

3

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge