IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARLOS F. HATCH )
)
v. ) NO. 3-15-1479
) JUDGE CAMPBELL
CEVA LOGISTICS, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 26) and Objections filed by the Defendants (Docket No. 29). Plaintiff has filed a document entitled "Supplement to Complaint" (Docket No. 31).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Defendants are well-taken, and the Report and Recommendation is rejected.

The issue presented on Defendants' Motion to Dismiss is whether Plaintiff failed to file his Complaint in this case within 90 days of the date he is legally presumed to have received his Notice of Dismissal and Right to Sue letters from the Equal Employment Opportunity Commission ("EEOC"). Defendants have pointed out a discrepancy in the documents which was overlooked by the Magistrate Judge.

Plaintiff's Complaint alleges that he filed charges with the EEOC on December 6, 2012. Docket No. 1. Plaintiff's Complaint does not include copies of those charges, but Defendants have filed the December 6, 2012 charges as Exhibits 1 and 2 to their Motion to Dismiss (Docket Nos. 15-1 and 15-2). The two December 6, 2012 charges of discrimination were given the EEOC charge numbers 25A-2013-00164 and 25A-2013-00192 (Docket Nos. 15-1 and 15-2).

Plaintiff's Complaint alleges that the EEOC issued his Notice of Right to Sue on September 21, 2015. The Right to Sue letter, dated September 21, 2015, and attached to Plaintiff's Complaint, however, does not relate to the above EEOC charge numbers. It relates to different EEOC charges, Nos. 494-2013-01846 and 494-2013-01848. Defendants attached copies of the EEOC Right to Sue letters related to the December 6, 2012 charges (numbers 25A-2013-00164 and 25A-2013-00192) to their Motion to Dismiss (Docket Nos. 15-3 and 15-4). Those Right to Sue letters, the ones which correspond to Plaintiff's December 2012 charges of discrimination with the EEOC, were mailed on October 25, 2013.

A plaintiff must file his employment discrimination complaint in court under Title VII within 90 days from the date notice of the right to sue is given. 42 U.S.C. § 2000e-5(f). In the Sixth Circuit, courts presume that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of the Right to Sue letter. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *Rembisz v. Lew*, __ F.3d __, 2016 WL 4036388 at * 1 (6th Cir. July 27, 2016). In this case, that date would be October 30, 2013.

Plaintiff filed this action on December 9, 2015, clearly more than 90 days after October 30, 2013. Plaintiff has not rebutted the presumption that he received the Right to Sue letters associated with his December 2012 complaints by October 30, 2013. Nothing filed in Plaintiff's "Supplement to the Complaint" (Docket No. 31) changes this result.

Courts must strictly enforce Title VII's ninety-day statutory limit, *Rembisz* at * 1. Therefore, Plaintiff's Complaint in this action was filed too late, and the Court must dismiss it. The Report and

Recommendation of the Magistrate Judge (Docket No. 26) is over-ruled, and Defendants' Motion to Dismiss (Docket No. 15) is GRANTED.

The Clerk is directed to close the file, and any other pending Motions are denied as moot. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE